UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGIS CLIFFORD MICHRINA,

    Plaintiff,

                                            Civil No. 05-74096
                                            Hon. John Feikens

    v.

STATE OF MICHIGAN DEPARTMENT
OF TREASURY, JACK VAN COEVERING,
individually and in his capacity with the State
of Michigan Department of Treasury, and JAY
B. RISING, individually and in his capacity with
the State of Michigan Department of Treasury,

    Defendants.

_____/

## OPINION AND ORDER DENYING DEFAULT JUDGMENT AND DISMISSING CASE FOR LACK OF JURISDICTION

      Plaintiff, a Michigan resident, brings suit *in pro per* against the Michigan Department of Treasury and its employees, Van Coevering and Rising, claiming they have violated his federal constitutional due process rights as well as bringing various state law claims. Plaintiff, who denies having an income, challenged his income tax liability in state court, but relief was denied, and the State has a lien on his property. He seeks a declaratory judgment that he is not liable for the taxes at issue. Defendants bring a motion to dismiss, arguing that this Court lacks jurisdiction to hear this case under the Tax Injunction Act and the Eleventh Amendment. Additionally, Plaintiff brings a motion for a default judgment under Rule 55. For the reasons below, I DENY Plaintiff's Motion for a Default Judgment and GRANT Defendants' Motion to Dismiss.

**A. Plaintiff's Motion for a Default Judgment**

Plaintiff seeks a default judgment because Defendants did not file an answer in 20 days. (Pl.'s Mot. for Default, 2 ¶ 1.) Defendants filed a motion to dismiss in lieu of an answer under Fed. R. Civ. P. 12(b). Therefore, Defendants have made a proper filing and default judgment would be improper. Therefore, I DENY Plaintiff's motion. Although Defendants seek sanctions for Plaintiffs for the bringing of this motion, because Plaintiff is not represented by counsel, I DENY Defendants' request for sanctions.

**B. Defendants' Motion to Dismiss**

In a case in which an individual sought a declaratory judgment that Kentucky violated his due process rights by attempting to collect taxes that the plaintiff argued were illegally imposed, the Sixth Circuit upheld the dismissal of the case under 28 U.S.C. §1341. King v. Sloane, 545 F.2d 7, 8 (6th Cir. 1976). Under that precedent, in order for this Court to have jurisdiction, Plaintiff would have to allege that the Michigan courts are not plainly, speedily and efficiently available to him or any other taxpayer who feels aggrieved. Id. Here, Plaintiff's filings make clear that he has had a hearing in front of the Michigan Tax Tribunal, and fail to contain any allegation that he has been denied access to the courts of Michigan. (Pl.'s Br. in Resp. 1.) Therefore, I GRANT Defendant's motion and dismiss this claim. The only federal question in Plaintiff's pleadings was the due process claim. As I have dismissed that claim, I lack jurisdiction to hear the remaining counts, which are all state law actions. See, e.g., Derminer v. Kramer, 406 F. Supp. 2d 756, 757 (E. D. Mich. 2005).

**CONCLUSION**

I DENY Plaintiff's motion for a default judgment because Defendants' response was

appropriate under the Federal Rules of Civil Procedure.  I deny Defendants' request for sanctions for the bringing of the motion.  I GRANT Defendants' motion to dismiss for lack of jurisdiction.

**IT IS SO ORDERED.**

Date:  March 20, 2006   			s/John Feikens
						United States District Judge

---

Proof of Service

I hereby certify that the foregoing order was served on the attorneys/parties of record on March 20, 2006, by U.S. first class mail or electronic means.

s/Carol Cohron
Case Manager

---